## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| David Richard Kostuch, | Case No. 19-cv-0897 (MJD/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Laurie Leabhart, Rodelio Bucu, Alex, Alec, Christopher Foss, and Paul Joseph Kostuch, | |
| Defendants. | |

This matter is before the Court on Plaintiff David Richard Kostuch's Complaint [Doc. No. 1] and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2]. For the following reasons, the Court recommends that this action be dismissed without prejudice and the IFP Application denied as moot.

After reviewing the IFP Application, the Court concludes that Kostuch qualifies financially for IFP status. That said, an IFP application will be denied, and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which

relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but must allege enough facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The gravamen of Kostuch's suit is that he is "being used [to] work for no pay," and that his "right to privacy is being violated." (Compl. at 4.) He alleges that Defendants have been "watching [him] on camera and using [him] for work," and suggests that this has been occurring for "over 42 years." *Id.* He suggests that Defendants are violating his rights under the Thirteenth Amendment as well as his "US Constitutional right to privacy." (*Id.* at 3.) He seeks the "relief of not being watched on camera" as well as "one sextillion" dollars. *Id.*

Putting to the side the somewhat-bizarre nature of Kostuch's allegations, they fail to state a cause of action on which relief may be granted. In brief, Kostuch's privacy claim can only be brought against so-called state actors, but Kostuch does not allege that any of the Defendants fit that description. As for his Thirteenth Amendment claim, Kostuch has not pointed the Court to any appropriate statutory vehicle for bringing it.

The Court will address Kostuch's privacy claim first.  Kostuch simply uses the term "privacy," but as a doctrinal matter he is asserting a violation of substantive due process.  *See, e.g.*, *Hart v. City of Little Rock*, 432 F.3d 801, 803 (8th Cir. 2005) (analyzing claim of privacy-right violations as claim regarding violations of substantive due process); *Cooksey v. Boyer*, 289 F.3d 513, 515–16 (8th Cir. 2002) (same).  When addressing substantive due process, at least for privacy-related issues, the U.S. Court of Appeals for the Eighth Circuit has posited that the Fourteenth Amendment is the relevant constitutional source.  *See, e.g.*, *Cooksey*, 289 F.3d at 515–16 (quoting *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996)); *Riley v. St. Louis Cty.*, 153 F.3d 627, 631 (8th Cir. 1998) (same).

But the Fourteenth Amendment does not itself let plaintiffs bring private suits.  *See* U.S. Const. amend XIV.   A Fourteenth Amendment claim can be asserted only by using the procedural vehicle of 42 U.S.C. § 1983.  *See, e.g.*, *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000); *Clark v. Iowa State Univ.*, No. 09-cv-00370, 2010 WL 11531381, at *9 (S.D. Iowa June 2, 2010) (collecting cases), *aff'd in relevant part*, 643 F.3d 643 (8th Cir. 2011).  Construing the Complaint liberally, given that Kostuch is a pro se plaintiff, *see, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), the Court will treat the Fourteenth Amendment claim as if it had been brought under § 1983.  Under § 1983,

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

3

> privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). Of particular significance here, a § 1983 plaintiff must allege that a defendant acted "under color of state law." *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Charnesky v. Lourey*, No. 18-cv-2748 (ECT/KMM), 2019 WL 1505995, at *5 (D. Minn. Apr. 5, 2019) (quoting *Magee v. Trs. of Hamline Univ.*, 957 F. Supp. 2d 1047, 1055 (D. Minn. 2013)), *aff'd*, 747 F.3d 532 (8th Cir. 2014). To have acted under color of state law, one must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *cf. Burmaster v. Am. Psychiatric Ass'n*, No. 17-cv-5210 (MJD/HB), 2018 WL 4233839, at *3 (D. Minn. Aug. 8, 2018) ("To be liable under § 1983, the claimed deprivation must result from the exercise of a right or privilege having its source in state authority, and the party charged with the deprivation must be one appropriately characterized as a state actor.'") (quoting *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008)) (cleaned up), *R. & R. adopted*, 2018 WL 4224083 (D. Minn. Sept. 5, 2018).

Simply put, nothing in the Complaint suggests that any of the Defendants acted under color of state law. As a result, the Court recommends dismissing, without prejudice, Kostuch's Fourteenth Amendment privacy claim.

Unlike the Fourteenth Amendment, the Thirteenth Amendment applies not just to governmental actors, but private parties as well. *See, e.g.*, *Jones v. Alfred H. Mayer Co.*,

4

392 U.S. 409, 438 (1968); *United States v. Sandstrom*, 594 F.3d 634, 659 (8th Cir. 2010) (citing cases).  But even so, the Thirteenth Amendment (like the Fourteenth) "does not provide a private cause of action for violation of its terms," so "a plaintiff must proceed under an implementing statute."  *Goss v. Stream Glob. Servs., Inc.*, No. C14-4033 (MWB), 2015 WL 1268192, at *8 (N.D. Iowa Mar. 19, 2015) (collecting cases); *see also Williams v. Roy*, No. 16-CV-2995 (JNE/HB), 2018 WL 1041037, at *3 (D. Minn. Jan. 22, 2018) (citing *Sanders v. A.J. Canfield Co.*, 635 F. Supp. 85, 87 (N.D. Ill. 1986)), *R. & R. adopted*, 2018 WL 1041039 (D. Minn. Feb. 23, 2018), *aff'd*, 2019 WL 1998412 (8th Cir. May 6, 2019).

Kostuch fails to identify an implementing statute for his Thirteenth Amendment claim.  By its terms § 1983 can ground Thirteenth Amendment claims, *cf. Ray v. Mabry*, 556 F.2d 881, 881–82 (8th Cir. 1977) (per curiam) (discussing Thirteenth Amendment claim brought under § 1983), but for the reasons discussed above, that vehicle will not work here, at least on the facts pled.  It is not the role of the Court to scour the U.S. Code to find a procedural vehicle for a possible Thirteenth Amendment claim.  *See, e.g.*, *Bishop v. Jesson*, No. 14-cv-1898 (ADM/SER), 2016 WL 8674584, at *5 (D. Minn. Feb. 12, 2016) ("A district court should not assume the role of advocate for the pro se litigant, nor may a district court rewrite a complaint to include claims that were never presented.") (quoting *Semler v. Ludeman*, No. 09-cv-0732 (ADM/SRN), 2010 WL 145275, at *5 (D. Minn. Jan. 8, 2010)) (cleaned up), *R. & R. adopted*, 2016 WL 906422 (D. Minn. Mar. 9, 2016); *Hayes v. Fed. Bureau of Prisons*, No. 12-cv-0577 (PJS/FLN), 2014 WL 1017954, at *2 (D. Minn. Mar. 17, 2014) ("'[I]t is not the place of a district court to act as the

petitioner's advocate.'") (quoting *Bracken v. Dormire*, 247 F.3d 699, 705 (8th Cir. 2001)).  Moreover, Kostuch has not pleaded sufficient additional facts to even begin to lay the foundation for such a claim under the as-yet-unidentified statute.

Given Kostuch's failure to plead an appropriate implementing statute for his Thirteenth Amendment claim, the Court recommends dismissing that claim without prejudice.  As the Court is recommending that both claims in the Complaint be dismissed without prejudice, it will recommend dismissing this action without prejudice.  Given this disposition, the Court also recommends denying the IFP Application as moot.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED without prejudice**.

2. Plaintiff David Richard Kostuch's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be **DENIED as moot**.

Dated:  May 20, 2019              s/ *Hildy Bowbeer*
                                  Hildy Bowbeer
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).