# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DAVID RICHARD KOSTUCH,

       Plaintiff,

v.                               **MEMORANDUM OF LAW & ORDER**
                                   Civil File No. 19-897 (MJD/HB)

LAURIE LEABHART, et al.,

       Defendants.

Plaintiff David Richard Kostuch, pro se.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Hildy Bowbeer. On May 20, 2019, Magistrate Judge Bowbeer issued a Report and Recommendation recommending that the Complaint [Docket No. 1] be dismissed without prejudice and the Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") [Docket No. 2] be denied as moot. [Docket No. 4] On June 4, 2019, Plaintiff David Richard Kostuch filed a Request for Council [sic] [Docket No. 5] and a Request for Extra Time [Docket No. 6]. On June 28, 2019, the Court denied Plaintiff's request for appointment of counsel, granted

Plaintiff's request for extra time, and allowed Plaintiff until July 24, 2019 to file his objections to the Report and Recommendation. [Docket No. 7]

Plaintiff has not filed any objection to the Report and Recommendation. The Court has conducted a de novo review upon the record and adopts the Report and Recommendation.

On July 9, 2019, Plaintiff filed an Amended Complaint. [Docket No. 8] The Court will separately consider Plaintiff's IFP Application as it relates to the Amended Complaint. As explained in the Report and Recommendation, an IFP application will be denied, and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); see also Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

The Court has carefully reviewed Plaintiff's Amended Complaint, in which Plaintiff states that he will "drop the fourteenth amendment claim" and only assert a claim "under the thirteenth amendment [] of forced labor." (Am.

Compl. at 6.)  Plaintiff also mentions "a trade secret theft case." (Id. at 5.) Plaintiff claims that he is in "virtual involuntary servitude" (id. at 7), related to being an inventor, medical treatment, and feeling constant pain (id. at 1-2, 5-6). He asserts that he has been wronged by various relatives and by medical providers at Regions Hospital and "believe[s] this is grounds to investigate and other health institutions in Minnesota," thus naming various other entities as defendants in the Amended Complaint, such as the Mayo Clinic Health System and the U.S. Department of Health & Human Services. (Id. at 6, 11-12.) (Plaintiff also mentions Anoka Metro Regional Treatment Center in the Amended Complaint (id. at 6); however, he does not name Anoka Metro Regional Treatment Center as a Defendant; nor does he identify any other named Defendant as being associated with Anoka Metro Treatment Center.) As explained in the Report and Recommendation, Plaintiff still fails to identify an implementing statute for his Thirteenth Amendment claim. Section 1983 cannot apply because nothing in the Amended Complaint suggests that any Defendant that allegedly took any action related to his involuntary servitude – Plaintiff's relatives, doctors, or other named individuals – acted under color of state law.

3

Plaintiff's assertion that a doctor acts under color of law because he or she has a license to practice is not correct. (Id. at 6.)

Overall, the Amended Complaint is incomprehensible and does not state a cause of action on which relief may be granted. "The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case." Clark v. Wake Forest Univ., No. 4:10CV200 MLM, 2010 WL 1038530, at *2 (E.D. Mo. Mar. 17, 2010) (citations omitted). The Court has liberally construed Plaintiff's Amended Complaint; however, it is not possible to glean the basis for Plaintiff's claim against any Defendant. The Amended Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (citation omitted).

Thus, both the original Complaint and the Amended Complaint fail to state a cause of action on which relief may be granted and will be dismissed without prejudice. Therefore, Plaintiff's IFP application is denied as moot.

4

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Complaint and Amended Complaint are **DISMISSED** without prejudice.

2. Plaintiff David Richard Kostuch's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 2] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 28, 2019         s/ Michael J. Davis
                                Michael J. Davis
                                United States District Court